O

# United States District Court
# Central District of California

| | |
|---|---|
| PA'SHA JONES, individually and on behalf of other members similarly situated<br><br>  Plaintiff,<br><br>  v.<br><br>TWEEN BRANDS, INC. and DOES 1-100, inclusive,<br><br>  Defendants. | Case No. 2:14-cv-1631-ODW(PLAx)<br><br>**CLASS ACTION**<br><br>**ORDER DENYING MOTION TO REMAND [9]** |

## I.  INTRODUCTION

This action was removed from Los Angeles County Superior Court based on diversity jurisdiction under the Class Action Fairness Act ("CAFA").  Before the Court is a Motion to Remand filed by Plaintiff Pa'Sha Jones.  (ECF No. 9.)  Jones is a former employee of Defendant Tween Brands, Inc., which operates retail stores under the name "Justice."  Jones is suing Tween for violations of California wage-and-hour laws on behalf of herself and a putative class of current and former employees.  In the Motion, Jones disputes only the $5 million amount in controversy requirement under CAFA.  For the reasons discussed below, the Court **DENIES** the Motion to Remand.[1]

---

[1] Having carefully reviewed the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On January 8, 2014, Jones filed the class-action Complaint in Los Angeles County Superior Court. The Complaint alleges that Tween failed to pay Jones and other putative class members for hours worked, missed meal and rest breaks, minimum and overtime wages, and wages due upon discharge or resignation. (ECF No. 1, Ex. B ("Compl.").) The Complaint raises only state-law claims. The proposed class is defined in the Complaint as "[a]ll current and former California-based hourly-paid <u>or</u> non-exempt individuals employed by Defendants at a 'Justice' store located within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (Compl. ¶ 14.)

Tween removed this action on March 3, 2014, on the basis of diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d). (ECF No. 1.) On March 19, 2014, Jones filed the present Motion to Remand.[2] (ECF No. 9.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Under CAFA, federal district courts have original jurisdiction to a hear a class action if the proposed class has (1) more than 100 members, (2) the parties are minimally diverse, and (3) the amount in controversy in the aggregate exceeds the sum or value of $5 million. 28 U.S.C.

---

[2] Also pending before the Court is a Motion to Strike Portions of Answer to Complaint, which was filed by Jones on March 31, 2014. (ECF No. 15.)

§ 1332(d)(2), (d)(5)(B); *see also Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348–49 (2013).  In removal cases, the removing party bears the burden of proving subject-matter jurisdiction under CAFA by a preponderance of the evidence. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

## IV. DISCUSSION

The parties do not dispute the first two requirements for CAFA jurisdiction. The purported class has more than 100 members and there is minimal diversity. The instant Motion only disputes whether Tween has met its burden on removal of demonstrating that the amount in controversy exceeds $5 million.

The Complaint includes a total of ten claims for violations of California wage-and-hour laws. While Jones alleges in the Complaint that the amount in controversy in the aggregate is under $5 million dollars (Compl. ¶ 5), the allegation alone does not defeat federal subject-matter jurisdiction under CAFA. *Cf. Standard Fire*, 133 S.Ct. at 1348–49 (holding that parties to a class action cannot stipulate to the amount in controversy being under $5 million to avoid federal subject-matter jurisdiction because the named plaintiff cannot legally bind members of the proposed class before the class is certified).  Instead, in the present Motion, Jones argues that Tween's calculations of the amount in controversy are too speculative and not based on admissible evidence.  In the Notice of Removal, Tween asserts that the amount in controversy ranges from $12,896,515 to $23,263,013.  (Not. of Removal 17:28.) Tween adjusted the amount in controversy in its Opposition to the instant Motion to $20,481,702 to $22,715,015, using the same mathematical formulas but with revised payroll data. (Opp'n 20:11–25.)

The Court first addresses the evidence upon which Tween relies to calculate the amount in controversy.  Jones contends that the Declaration of Penny Davis, Tween's Vice President of Human Resources, is not competent evidence to prove the amount in controversy.  (*See* Mot. 5–6.)  But the Court disagrees. Davis testifies to the number of putative class members, the average number of putative class members per store,

the number of Justice stores in California, the average hourly rate of pay for putative class members, and the number of biweekly paychecks issued. All of this is information that one would expect someone in Davis' position, as a head of human resources, to have. While Jones argues that Tween must provide the payroll data upon which Davis relies to support removal, the Court finds that Tween is not required to meet such a high burden. *See Muniz v. Pilot Travel Ctrs., LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *7 (E.D. Cal. May 1, 2007) ("There is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation.")

Turning to the claims themselves, the Court finds that it need only address the waiting-time penalties under California Labor Code section 203 to find that CAFA jurisdiction exists. Under section 203, if an employer willfully fails to pay, in accordance with Labor Code sections 201 and 202, any wages owed to a former employee, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or an action [] is commenced." This penalty may continue for up to 30 days, and there is a three-year statute of limitations. Cal. Lab. Code § 203(a); *Pineda v. Bank of Am.*, 50 Cal. 4th 1389, 1398–401 (2010).

Jones' fifth claim in the Complaint is for violations of Labor Code sections 201 and 202. (*See* Compl. ¶¶ 83–88.) Jones seeks "the statutory penalty wages for each day [the class members] were not paid, *up to a thirty (30) day maximum* pursuant to California Labor Code section 203." (*Id.* ¶ 88 (emphasis added).) Jones also alleges that she and other class members "worked over eight (8) hours in a day and/or forty (40) hours in a week." (*Id.* ¶ 25.) Based on the allegations, Tween proffers the following additional information to calculate the alleged waiting-time penalties:

- There are 4,154 Brand Representatives ("BRs"), 150 Assistant Store Leaders ("ASLs"), and 42 Store Sales Leaders ("SSLs") who were terminated from Justice stores in California in the last three years. All of these employees are

1 classified as non-exempt and fit within the class definition.  (March 31, 2014 Davis Decl. ¶ 7.)

- The three-year average hourly wage was $8.59 for BRs, $13.49 for ASLs, and $22.34 for SSLs.  (*Id.* ¶ 10.)

Waiting-time penalties are calculated by multiplying the daily wage rate by the number of days of nonpayment up to 30 days. *Mamika v. Barca*, 69 Cal. App. 4th 487, 492 (1998).  Here, utilizing Jones' allegations and Tween's evidence, the Court finds that the amount in controversy for waiting-time penalties alone is $9,274,713.60. To reach this conclusion, the Court first multiplied the three-year average wage by the average number of hours that Jones alleged that employees worked—8 hours a day. (Compl. ¶ 25.)  The Court did this for each classification of non-exempt employees— BR, ASL, and SSL.  The Court then multiplied those numbers by 30 days because Jones alleged that class members were owed waiting-time penalties "up to the 30 day maximum."  *See, e.g.*, *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. July 19, 2010) ("Plaintiff included no limitation on the number of violations, and, taking the complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1206 n.4 (E.D. Cal. Feb. 27, 2008) ("Plaintiff cannot avoid satisfaction of the amount in controversy by arguing that the class plaintiffs *may* be awarded less than the statutory maximum.  The critical inquiry is the amount placed in controversy by the allegations in plaintiff's complaint.").  After multiplying by the statutory maximum of 30 days, the Court multiplied the totals by the number of employees in each classification that were terminated in the last three years.  The totals were added together to reach the $9,274,713.60 amount in controversy.[3]

---

[3] Tween's calculations in the Notice of Removal were revised in its Opposition to the present Motion.  In the Notice of Removal, the number of putative class members was higher and the average wages were lower.  But even if the Court used only the lower average wages from the Notice of Removal, the amount in controversy for waiting time penalties would total $9,000,854.00, which is still well above the $5 million amount-in-controversy requirement.

Accordingly, the Court finds that Tween has demonstrated by a preponderance of the evidence that the amount in controversy for Jones' fifth claim alone exceeds the $5 million amount-in-controversy requirement. The Court therefore has CAFA jurisdiction over Jones' action.

## V.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff Pa'Sha Jones' Motion to Remand. (ECF No. 9.)

**IT IS SO ORDERED.**

April 22, 2014

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**