**O**

# United States District Court
# Central District of California

| | |
|---|---|
| PA'SHA JONES, individually and on behalf of other members similarly situated<br><br>                        Plaintiff,<br><br>       v.<br><br>TWEEN BRANDS, INC. and DOES 1-100, inclusive,<br><br>                        Defendants. | Case No. 2:14-cv-1631-ODW(PLAx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER WITH LEAVE TO AMEND [15]** |

      Before the Court is Plaintiff Pa'Sha Jones' Motion to Strike Portions of Defendant's Answer. (ECF No. 15.) The Motion should never have been filed, but missteps by both parties have dragged the Court into a dispute that could have been resolved by simply adhering to the Federal Rules of Civil Procedure and the Central District of California's Local Rules.

      In the instant Motion, Plaintiff asks the Court to strike 53 affirmative defenses from Defendant Tween Brands, Inc.'s Answer. The Court has no doubt that at least a good majority of those 53 affirmative defenses are inadequately plead as Plaintiff contends. But the real issue here centers on the actions of counsel for both parties. First, the Court finds that the parties failed to comply with the letter and spirit of Local Rule 7-3. Plaintiff's letter to Defendant before this Motion was filed hardly fulfills

the goal of resolving disputes without judicial intervention—particularly with respect the Court's preference for counsel to meet and confer *in person*. *See* L.R. 7-3. Defendant's request for an in-person meet and confer after the deadline for Plaintiff to file this Motion was also in the wrong. Next, the Court is dismayed at Defendant's failure to review Federal Rule of Civil Procedure 15. Instead of opposing the instant Motion by indicating a willingness to amend the Answer (Opp'n 1–2, 15–16), Defendant should have just filed an amended answer. Fed. R. Civ. P. 15(a)(1) (allowing a party to amend a pleading as a matter of course within 21 days of service or the filing of a motion under Rule 12).

Since Defendant indicates that it can file an amended answer and address many of Plaintiff's concerns, the Court **GRANTS WITH LEAVE TO AMEND** Plaintiff's Motion to Strike. (ECF No. 15.) Defendant has **14 days** from the date of this order to file an amended answer. The Court advises Defendant to review the requirements of Rule 11 before attempting to plead 53 affirmative defenses, or anything close to that, in the amended answer. In addition, for the remainder of this case, the Court **ORDERS** that counsel in this action shall **meet and confer in person no less than 10 days** before filing any motions in this case. A failure to meet and confer in person will result in the motion being stricken with prejudice as well as potential monetary sanctions.

**IT IS SO ORDERED.**

April 23, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**